■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH VERDON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered January 22, 1990, convicting him of criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's contention that the trial court erred in refusing to charge justification as a defense to criminal possession of a weapon in the fourth degree is without merit. At trial, the defendant testified that he "grabbed the golf club" in

order "to get my property back" from several teenagers he believed had stolen some items from his car. However, since no reasonable view of the defendant's testimony supports the conclusion that he intended to use the golf club as a potential weapon in order to "prevent or terminate" the commission of a larceny, he was not entitled to a justification charge pursuant to Penal Law § 35.25. Sullivan, J. P., Eiber, Rosenblatt and Ritter, JJ., concur.